IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION - LAW

| | |
|---|---|
| AAMCO TRANSMISSIONS, INC. : <br> Plaintiff, : <br> v. : <br> GARY R. BONI : <br> Defendant. : | No. |

## COMPLAINT

Plaintiff, AAMCO Transmissions, Inc. ("ATI" or "Plaintiff"), by and through its undersigned counsel, hereby complains against Defendant, Gary R. Boni ("Boni" or "Defendant") as follows:

1. Plaintiff, ATI, is a Pennsylvania corporation, with its principal place of business located at 201 Gibraltar Road, Horsham, Pennsylvania 19044.

2. Defendant Boni is an adult individual who maintains a principal place of business at 228 Lancaster Avenue, Frazer, Pennsylvania 19355.

3. This Court has jurisdiction pursuant to 15 U.S.C.A. §1121(a), and also pursuant to 28 U.S.C.A. §1338(b) relating to claims of unfair competition joined with a substantial and related claim under the trademark laws, as well as pendent and ancillary jurisdiction of the state and common law claims contained herein.

4. Venue lies in this District pursuant to 28 U.S.C.A. §1391, in that ATI resides in this District, Defendant has transacted business with ATI continuously over the last several years in this District and the claims arise under a contract that was made in this District.

5. Since at least 1963, ATI has continually used the name "AAMCO" as its trade name, trademark and service mark in connection with the operation of transmission repair

centers. It is the owner of the "AAMCO" and other associated marks which are registered on the principal register of the United States Patent and Trademark office.

6. ATI is engaged in interstate commerce in, inter alia, the business of franchising or licensing others to use the mark and name "AAMCO" in the operation of transmission and general automotive repair centers throughout the United States and Canada. There are approximately 800 AAMCO locations licensed or franchised by ATI to operate transmission repair centers under the "AAMCO" trade name and trademark.

7. The "AAMCO" trade name and trademark have become universally associated with the repair of motor vehicle transmissions and the operation of transmission and general automotive repair centers. As a result, ATI owns common-law trade name and trademark rights in the name "AAMCO" and in the marks described above. By virtue of the long use and promotion and the resulting fine public reputation of the trade name "AAMCO", there exists a secondary meaning in the name "AAMCO" and the above marks.

8. Large sums of money have been spent in advertising and promoting the services sold under ATI's trade name and trademarks, and today ATI has a substantial business and a long established goodwill associated with the name and the above marks in connection with the services provided under its trade name and trademarks.

9. ATI has a vital interest in protecting its trade name and trademarks and the preservation and protection thereof are essential to the maintenance of ATI's quality transmission repair centers and the goodwill and reputation associated therewith. To supervise and control use of its trade name and trademarks, ATI has established standards and policies governing the quality of service to be provided to the public and has established procedures calling for the inspection of franchisees' centers to determine that the standards and policies are being followed.

10. On August 16, 2004, ATI and Defendant entered into a franchise agreement, pursuant to which Defendant was authorized to use the name and mark "AAMCO" in connection with the operation of an AAMCO Transmission Center located at 228 Lancaster Avenue, Frazer, PA 19355 (the "Center"). A true and correct copy of the said franchise agreement (the "Franchise Agreement") is attached hereto and made a part hereof at Exhibit "A".

11. In accordance with the Franchise Agreement, AAMCO provided Defendant with specialized training and knowledge of AAMCO's trade secrets and proprietary system of doing business.

12. In accordance with the Franchise Agreement, AAMCO granted Defendant the limited contractual right to use the AAMCO name and trademarks in connection with the operation of the Center.

13. Using ATI's trademarks, training, assistance, and knowledge Defendant operated the Center under the AAMCO name.

14. In consideration for the services provided by AAMCO under the Franchise Agreement, Defendant was required to pay ATI a continuing franchise fee of seven percent (7%) of the gross receipts transacted at the Center as well as certain other fees and charges.

15. Each week, Defendant was required to submit to ATI accurate weekly business reports documenting the Center's sales and the amounts collected. Defendant's weekly business reports are used to calculate the weekly franchise fees due.

16. Defendant has failed and refused to pay to ATI franchise fees and other fees due to ATI pursuant to the terms of the Franchise Agreement.

17. In a letter dated April 11, 2012, ATI notified Defendant that he was in breach of contract by virtue of his failure to pay sums due and owing to ATI under the Franchise

Agreement. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "B".

18. The Defendant did not cure his payment failures as requested in the default letter.

19. In a letter dated May 11, 2012, after giving prior written notice and an opportunity to cure, ATI terminated the Franchise Agreement and demanded that Defendant comply with his post-termination obligations under the Franchise Agreement. A true and correct copy of the said letter is attached hereto and made a part hereof at Exhibit "C".

20. Section 19.1(a) of the Franchise Agreement provides that, upon termination of the Franchise Agreement for any reason, Defendant shall:

(1) Promptly pay AAMCO all sums due and owing;

(2) Promptly pay AAMCO the sum of $5,000 to be held by AAMCO to cover the costs of warranty work for customers of Franchisee's former center. If there is any amount remaining unused two (2) years after the date of termination and Franchisee has complied fully with the provisions of section 19, then any such amount shall be returned to Franchisee.

(3) Immediately and permanently discontinue the use of the mark AAMCO and all similar names and marks, and any other designation tending to indicate that Franchisee is or was an authorized AAMCO franchisee.

(4) Promptly surrender to AAMCO all signs, training materials, manuals, videos, stationary, letterhead, forms, repair orders, printed matter, and advertising material containing the mark AAMCO, all similar names or marks or any other designation tending to indicate that Franchisee is or was an authorized franchisee of AAMCO.

(5) Immediately and permanently discontinue all advertising as an authorized AAMCO dealer.

(6) Promptly transfer to AAMCO or AAMCO's designee each telephone number listed under the designation AAMCO or any similar designation, and execute such instruments and take such steps as

> AAMCO may require to accomplish the transfer of each such telephone number.

*See* Franchise Agreement, § 19.1, Ex. "A" attached hereto.

21. Section 19.2 also provides in pertinent part as follows:

> Franchisee represents and warrants...[f]or a period of two (2) years after the termination of this Agreement, Franchisee shall not directly or indirectly engage in the transmission repair business within a radius of ten (10) miles of the former center or any other AAMCO center. The two (2) year period shall not begin to run until Franchisee commences to comply with all obligations stated in this section 19.2(b).

*Id.* at § 19.2.

22. Despite the termination of his franchise and any further authority to continue in the automotive repair business under the use of the AAMCO name, Defendant has refused to take the actions required by Sections 19.1 or 19.2 of the Franchise Agreement. Specifically, Defendant has refused to cease use of the AAMCO marks, telephone listings and systems, and, instead, has continued to operate a competing transmission repair business at the former Center location, to use the AAMCO advertised telephone number, to hold themselves out to be an authorized ATI franchisee, and to use the AAMCO trade name and trademark without any license or right whatsoever.

23. Defendant's continued operation of a competing transmission repair business at the former Center location is in violation of Section 19.2 of the Franchise Agreement.

24. Defendant further has failed and refused to pay ATI all amounts due and owing under the Franchise Agreement.

## COUNT I
## TRADEMARK INFRINGEMENT

25. ATI hereby incorporates by reference, as if fully set forth, paragraphs 1 through 24 above.

26. Defendant has willfully and without justification failed and refused to comply with the post-termination provisions of the Franchise Agreement.

27. Defendant continues to hold himself out to the public as an authorized "AAMCO Transmission Center," which he is not.

28. Unless Defendant is enjoined, ATI believes and therefore avers that he will continue his infringing use of the AAMCO trade name and trademarks.

29. Unless Defendant is enjoined, his continued improper use of the AAMCO trade name and trademarks will greatly impair the value of the AAMCO trade name and trademarks, as well as ATI's reputation and goodwill.

30. Defendant's continued failure and refusal to comply with his obligations has caused and continues to cause ATI irreparable harm to its reputation and goodwill, and substantial financial losses.

31. The actions and conduct of Defendant as set forth in this Complaint constitute willful trademark infringement in violation of 15 U.S.C.A. §1125.

32. The damages that have been occasioned by the willful trademark infringement that has been engaged in by Defendant are irreparable and continuing, and ATI has no adequate remedy at law.

33. Pursuant to 15 U.S.C.A. §1116, ATI is entitled to injunctive relief to protect its rights under the Lanham Act.

34.  Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover Defendant's profits from the Center for the period since May 11, 2012, during which he has engaged in the above-described willful trademark infringement, plus any damages sustained by ATI, which damages may be trebled, plus the costs of this action and attorneys' fees.

## COUNT II
## BREACH OF FRANCHISE AGREEMENT - SPECIFIC PERFORMANCE

35.  ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 34 above.

36.  As a result of the termination of Defendant's franchise, ATI is also entitled to specific performance of Section 19.1 of the Franchise Agreement, which requires Defendant to, among other things, discontinue all use of the AAMCO name and trademark, surrender to ATI all items containing the AAMCO name and trademark, and transfer to ATI any and all telephone numbers listed under the AAMCO name.

37.  ATI is also entitled to specific performance of Section 19.2 of the Franchise Agreement which provides that, for a period of two (2) years, Defendant shall not, directly or indirectly, engage in the transmission repair business within a radius of 10 miles of the Center location or any other AAMCO Transmission Center.

38.  Although Defendant's franchise has been terminated, Defendant continues to operate a transmission repair business using AAMCO advertising at the former Center location in violation of the covenant not-to-compete and in violation of ATI's trademark rights as stated in Count I above.

39. By refusing to honor the procedures after termination stated in the Franchise Agreement, Defendant has misappropriated the goodwill generated under the AAMCO name causing ATI irreparable harm.

40. Defendant's failure to honor the procedures after termination interfere with ATI's ability to develop the market, retain the goodwill and re-establish the presence of the AAMCO name in this market, causing ATI irreparable harm.

41. ATI has no adequate remedy at law for damages, and unless specific performance of the procedures after termination, including the covenant not-to-compete, is ordered and injunctive relief granted to restrain Defendant's unlawful conduct, ATI will continue to suffer irreparable harm.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

42. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 41 above.

43. Defendant's conduct is in violation of the common law of unfair competition in that he is:

> (a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods and services in connection with his conduct of business;
>
> (b) Causing likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by ATI of his conduct of business; and,
>
> (c) Representing to the public that the business continues to operate as an AAMCO Transmission Center with ATI's approval, which it does not.

44. These acts by Defendant have been committed willfully and with full knowledge of the refusal of ATI to authorize the sale of goods and services; and with the intention of deceiving and misleading the public.

45. Defendant's unlawful trade practices will irreparably harm and injure ATI's trademarks, trade name, reputation and goodwill.

46. ATI is without an adequate remedy at law.

## COUNT IV
## BREACH OF CONTRACT – MONEY DAMAGES

47. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 46 above.

48. Pursuant to the Franchise Agreement, Defendant was required to pay to ATI seven percent (7%) of the gross receipts of the Center for the preceding week.

49. As an additional service under the Franchise Agreement, ATI provides Defendant with the opportunity to buy certain parts, equipment and supplies through its "Parts Department" on credit. Defendant has availed himself of this service.

50. Pursuant to the Franchise Agreement, ATI is also entitled to interest on all amounts due and owing under the said agreement in the amount of 18% per annum, as well as the costs and attorneys' fees in pursuing collection.

51. Defendant has an unpaid balance that has accrued under the Franchise Agreement, which balance remains due and owing to ATI, and is comprised as follows:

| | |
|---|---:|
| Parts Account | $ 46.34 |
| Recoverable Expenses[1] | 30,710.95 |
| Franchise Fees | |
|     Reported | 7,006.20 |
|     Estimated[2] | 926.67 |
| National Creative Adv. | 600.00 |
| FOCUS | 403.84 |
| Internet advertising | 18.93 |
| Interest | 14,698.42 |
| | $ 54,411.35 |

52. ATI has incurred and continues to incur attorneys' fees and costs in enforcing the Franchise Agreement.

53. Despite ATI's demands, Defendant has failed and refused, and continues to fail and refuse, to pay the monies due and outstanding to ATI.

## COUNT V
## **BREACH OF CONTRACT - ACCOUNTING**

54. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 53 above.

55. Defendant has failed to provide information to ATI concerning all gross receipts for sales performed at the former Center and has failed to pay the corresponding franchise fees due to ATI on those gross receipts.

56. Defendant has maintained exclusive control and possession of the former Center's books and accountings including documentation of those transactions which Defendant has failed to disclose to ATI.

---

[1] Recoverable Expense amounts are primarily comprised of audit reserves for missing repair orders, amounts paid to consumers to settle claims arising from the operation of Boni's center and charges associated with checks and electronic payments returned for insufficient funds.

[2] Defendant has failed to remit two (2) weekly business reports for the weeks ending 05/12/12 and 05/19/12, along with the applicable franchise fees. Accordingly, the franchise fees due and owing for these two (2) business reports have been estimated.

57. Pursuant to Section 11.3 of the Franchise Agreement, Defendant has agreed to account to ATI for all sales performed at the former Center.

58. Despite demands to account for sales and pay the rightful amount of franchise fees due and owing ATI, Defendant has refused and continues to refuse to account to ATI.

## COUNT VI – COSTS AND ATTORNEYS' FEES

59. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 58 above.

60. Pursuant to Section 21.5 of the Franchise Agreement, Defendant agreed to pay all costs incurred by Plaintiff in collecting money owed under the Franchise Agreement, including attorneys' fees.

61. Pursuant to 15 U.S.C.A. §1117, ATI is entitled to recover the costs of this action and attorneys' fees.

62. Plaintiff ATI has incurred and continues to incur costs and attorneys fees in the pursuit of this action.

## COUNT VII – DECLARATORY JUDGMENT

63. ATI hereby incorporates by reference, as if fully set forth, the allegations contained in paragraphs 1 through 62 above.

64. Pursuant to 28 U.S.C. §2201, this Court has jurisdiction to determine disputes between Plaintiff and Defendant concerning the validity, formation, operation and termination of the Franchise Agreement.

65. A dispute exists between Plaintiff and Defendant as to whether (a) ATI performed all of its obligations under the Franchise Agreement, (b) Defendant defaulted under the Franchise Agreement, and (c) the Franchise Agreement was properly terminated by ATI.

66. Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant.

67. Defendant was in violation of the Franchise Agreement as he has, <u>inter alia</u>, failed to pay franchise fees and other fees and amounts due and owing Plaintiff.

68. Plaintiff properly terminated the Franchise Agreement.

## RELIEF SOUGHT

WHEREFORE, based on the forgoing causes of action, ATI requests the Court to order the following relief:

A. That Defendant, his respective officers, agents, servants, employees and those persons in active concert or participation with him, be preliminarily and permanently enjoined and restrained from:

    i. using in any manner, including without limitation on or in any signs, stationery, letterheads, forms, printed matter or advertising, the proprietary marks "AAMCO", "AAMCO Transmissions" or similar names or marks;

    ii. advertising or otherwise holding themselves out, directly or indirectly, as an authorized franchisee of ATI or as being in any way sponsored by or connected or associated with ATI; and

    iii. doing anything to cause potential purchasers of transmission repair services to believe that any services or repairs performed by Defendant or any business with which he is associated originate with ATI or are endorsed or sponsored by ATI.

B. That Defendant deliver to ATI or to persons designated by the Court all materials, including without limitation signs, stationery, letterhead, forms, printed matter and advertising, which contain the proprietary marks "AAMCO", "AAMCO Transmissions", or similar names or marks and return to ATI it any all versions of ATI's proprietary FOCUS software.

C. That Defendant transfer to ATI or at ATI's direction, each telephone number listed by them under the designation "AAMCO Transmission" or any similar designation, and execute any instruments and take such steps as may be necessary or appropriate to transfer each such telephone number and if he shall fail to do so, that counsel for ATI be designated by the Court as their attorney-in-fact to execute such documents in their name and in their place.

D. That Defendant provide an accounting to the Court pursuant to 15 U.S.C.A. §1117(a), of his profits at the Center after May 11, 2012, and that these profits be awarded to ATI, along with all other damages for Defendant's violation of ATI's trademark rights, trebled in accordance with 15 U.S.C.A. §1117(a).

E. That Defendant comply with the covenant not-to-compete contained in the Franchise Agreement, by ceasing to operate a transmission repair center for two (2) years at or within ten (10) miles of the location of the former Center location or any other AAMCO Transmission Center.

F. That Defendant file with the Court and to serve on ATI within thirty (30) days after the issuance of any preliminary and/or permanent injunction herein, a report in writing, under oath, setting forth in detail the measures undertaken by Defendant to comply herewith.

G. That the Court enter a money judgment in favor of ATI and against Defendant for breach of contract damages in the sum of at least $54,411.35 plus interest at 18%.

H. That Defendant provide an accounting to the Court of his sales at the Center prior to May 11, 2012, and that franchise fees on all unreported gross receipts be awarded to ATI along with liquidated damages and interest as provided at Section 11.3 of the Franchise Agreement.

I. That a Declaratory Judgment be entered in Plaintiff's favor finding that:

        i.      Plaintiff has performed all of its obligations under the Franchise Agreement and has not negligently or willfully caused any damage to Defendant;

        ii.     Defendant materially breached the Franchise Agreement; and

        iii.    Plaintiff properly terminated the Franchise Agreement.

J.    That ATI be awarded its reasonable attorneys' fees, costs of court and all other and further relief to which it may be entitled.

Date 6-8-12

William B. Jameson  
Attorney ID. # 58949  
Attorney for Plaintiff  
AAMCO Transmissions, Inc.  
201 Gibraltar Road  
Horsham, Pennsylvania 19044  
(610) 668-2900